# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERVIN W. THOMAS, | |
| Petitioner, | Case No. 17-CV-1598-JPS |
| v. | |
| JUDY P. SMITH, | |
| Respondent. | ORDER |

On November 16, 2017, Petitioner Ervin W. Thomas ("Thomas") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that this conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Thomas' petition focuses on the Interstate Agreement on Detainers ("IAD"), codified in Wisconsin in Wis. Stat. § 976.05, which requires a defendant to be brought to trial within 180 days of a demand for the same. "The IAD is a congressionally approved interstate compact that establishes procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another." *States v. Thomas*, 834 N.W.2d 425, 429 (Wis. Ct. App. 2013) (quotation omitted). Central to this case is when Thomas' notice invoking his IAD speedy-trial right was considered to be received by the Milwaukee County District Attorney's Office. *See* Wis. Stat. § 976.05(3)(a).

Because the statute of limitations presents an initial obstacle to Thomas' petition, as explained further below, only a brief overview of the pertinent history is required at this juncture. On August 27, 2009, Thomas was charged in Milwaukee County Circuit Court with kidnapping, second-degree sexual assault, and sexual assault of a child under sixteen years of age. A warrant was issued the same day.

On March 10, 2010, the warden of the Illinois prison where Thomas was serving another sentence wrote a letter to the Milwaukee County District Attorney, informing him that Thomas had completed several forms requesting a speedy trial under the IAD. Certified mail return receipts show that on March 15, 2010, an employee for Information Management Services Distribution ("IMSD")—the mailroom service for the Milwaukee County office building containing the district attorney's office—received Thomas's speedy-trial request under the IAD. The request was then directed to the district attorney's office, where it was received on March 18, 2010.

During the course of the prosecution, the parties argued when the IAD clock would expire. The court, having received the March 18 filed-stamped IAD request from the district attorney and not the March 15 certified mail return receipt from IMSD, ruled that the clock did not begin to run until March 18. On September 13, 2010, the date on which trial was scheduled to begin, Thomas pled guilty to kidnapping, in violation of Wis. Stat. § 940.31(1)(a), and second degree sexual assault of a child, in violation of Wis. Stat. § 940.02(2). His plea would have fallen within the IAD period only if it began to run on March 18, not March 15. He moved in the trial court to vacate his pleas once he discovered the March 15 certified mail return receipt from IMSD, but the circuit court denied it, ruling that IMSD could not be considered the district attorney's agent for receipt of IAD notices.

Thomas was sentenced on August 31, 2011, to an indeterminate period of eighteen years of imprisonment on the kidnapping count, and to an indeterminate period of eighteen years of imprisonment on the second-degree-sexual-assault-of-a-child count, to be served concurrent to the kidnapping count, but consecutive to any other sentence. The judgment of conviction was entered that same day.

Thomas appealed on September 14, 2012, arguing that his rights under the IAD had been violated because the IAD period began to run on March 15, 2010. Alternatively, Thomas asserted that he should not be responsible for the delay caused by the mail service and should be permitted to rely on the date IMSD received his notice. The Wisconsin Court of Appeals rejected these arguments and affirmed the conviction in a decision issued May 29, 2013. He filed a petition for discretionary review of these issues in the Wisconsin Supreme Court on June 28, 2013. That

request was denied on November 26, 2013. Thomas sought reconsideration of the denial of discretionary review, but the Supreme Court denied this request on April 11, 2014. Thomas did not file a petition for a writ of certiorari to the U.S. Supreme Court.

Next, on November 14, 2014, Thomas, proceeding *pro se*, filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. The motion raised several grounds for relief, including: (1) that Thomas was denied the effective assistance of counsel at trial and on appeal; (2) that Thomas's IAD rights were violated; (3) that his trial attorney was constitutionally ineffective for failing to contact a state official regarding whether IMSD was authorized to receive his IAD notice; and (4) that the State withheld material and exculpatory evidence from him—namely, the IMSD certified mail return receipt filed-stamped March 15, 2010. (At a hearing on the IAD issue in the trial court, the district attorney presented only the IAD notice stamped March 18.) The trial court denied the motion on November 21, 2014. Thomas tried unsuccessfully to commence an appeal of this ruling by filing the motion directly in the Court of Appeals, and then again in the Supreme Court. Neither court accepted the motion as a proper way to lodge an appeal of the denial of postconviction relief.

Thomas filed a second postconviction motion on November 6, 2015, this time with the assistance of a jailhouse lawyer. The motion asserted a claim of newly discovered evidence—specifically, a letter from the Milwaukee County Office of Corporation Counsel relating to IMSD's authority to accept mail for the district attorney, and entries from signature logs in the district attorney's office. That motion was denied on November 17, 2015 in the trial court under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), which bars a prisoner from raising issues in a

successive motion for postconviction relief that could have been raised in a prior motion. His appeals therefrom were also unsuccessful. The Wisconsin Court of Appeals affirmed the trial court's ruling on March 15, 2017, and the Wisconsin Supreme Court denied discretionary review on June 12, 2017. He sought reconsideration of the Supreme Court's decision, but that too was denied in an order dated June 30, 2017.

Thomas filed the instant petition on November 16, 2017. His claims mirror those raised at various times in the state proceedings. First, Thomas says that his trial and appellate counsel were ineffective, although he seems to think so only because they did not succeed in persuading the state courts of the merits of his IAD claim. Second, Thomas contends that the State withheld material and exculpatory evidence from him in the form of the March 15 certified mail receipt from IMSD. Third, Thomas raises a separate ineffectiveness charge against his trial counsel, claiming that counsel should have contacted IMSD prior to his guilty plea and asked whether the IMSD employee who actually handled Thomas' IAD notice was authorized to sign the certified mail receipt for it. Fourth is Thomas' newly discovered evidence claim, wherein he says he was entitled to renew his IAD challenge once he received additional evidence suggesting that the IAD notice was received in the district attorney's office on March 15, 2010.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of

certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is untimely. Thomas' direct appeal ended on November 26, 2013, the day that the Wisconsin Supreme Court denied his request for discretionary review. His motion to reconsider that decision did not prolong his appeal for two reasons. First, the Wisconsin Supreme Court is not authorized to reconsider a denial of review. *Hanson v. Haines*, No. 13–CV–0896, 2014 WL 4792648, at *2 (E.D. Wis. Sept. 25, 2014) (citing *Archdiocese of Milwaukee v. City of Milwaukee*, 284 N.W.2d 29, 30 (Wis. 1979)). Second, denial of discretionary review has no effect on the underlying judgment. *Id.*; *Dep't of Banking of Neb. v. Pink*, 317 U.S. 264, 266–67 (1942). Consequently, Thomas' 90-day period for petitioning the U.S. Supreme Court began to run on November 26, 2013, and expired on February 26, 2014. As another branch of this Court has observed, to hold otherwise "would allow prisoners to effectively extend the time they have to file a § 2254 petition in federal court by filing improper motions in state court." *Hanson*, 2014 WL 4792648, at *3. As noted above, Thomas did not seek a writ of certiorari, so the one-year habeas clock started to run on February 26, 2014.

His first postconviction motion was filed 261 days later, on November 13, 2014. It was denied after a period of seven days, during which the statute of limitations was tolled. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thomas tried to appeal, but did not do so in conformity

with Wisconsin procedure, and so none of the time the Wisconsin appellate courts may have considered this "appeal" can be tolled. *Ray*, 700 F.3d at 1003 (whether a state postconviction proceeding is "properly filed" under Section 2244(d)(2) is governed by state procedural law). Instead, the limitations clock restarted on November 21, 2014, the day the trial court denied the motion.

Another 350 days elapsed before he filed his second postconviction motion on November 6, 2015. The appeal of the denial of that motion concluded on June 12, 2017, when the Wisconsin Supreme Court denied Thomas' request for discretionary review. As with his direct appeal, the time during which the state supreme court considered his motion for reconsideration of the denial of discretionary review did not toll the habeas limitations period because such a request is not cognizable under Wisconsin law and therefore was not part of the "properly filed" postconviction motion. *Hanson*, 2014 WL 4792648, at *2; *Ray*, 700 F.3d at 1003. Thus, only the time from November 6, 2015, to June 12, 2017, must be excluded from the limitations calculation. 28 U.S.C. § 2244(d)(2). Finally, 157 more days passed before Thomas filed his petition in this Court.

In total, then, 768 countable days have passed since Thomas' conviction became final. That period is well over double the length of time afforded under the statute for filing a habeas petition.

Though Thomas appears to have missed his deadline for filing his petition, that does not end the Court's analysis. There are two common-law exceptions that still might apply to render his petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a procedural default when a petitioner

"'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Thomas must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Though it seems unlikely that Thomas will be able to justify his substantially delayed filing, the Court of Appeals cautions against dismissing a case on timeliness grounds without eliciting argument from the parties. *See Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004).

Nevertheless, because of the high procedural hurdle Thomas' petition faces, the Court finds it most prudent to order briefing on the statute of limitations issue prior to any argument on the merits of the case. The parties will, therefore, present their positions on the timeliness of Thomas' petition in accordance with the following schedule:

    Respondent's opening brief:    **January 29, 2018**
    Petitioner's response:    **February 28, 2018**
    Respondent's reply:    **March 14, 2018**

These dates are not subject to adjustment. Once briefing is complete, the Court will make a final determination on the timeliness issue. If Thomas' petition survives, the Court will complete the screening process.[1]

Accordingly,

**IT IS ORDERED** that, on or before **January 29, 2018**, Respondent shall file a brief concerning the timeliness of Petitioner's petition. On or before **February 28, 2018**, Petitioner shall file a response to Respondent's brief. On or before **March 14, 2018**, Respondent shall file a reply. There will be no extensions of time granted for the filing of these briefs.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] Exhaustion of state remedies and procedural default may also pose significant problems for Thomas, since he did not succeed in pursuing his first postconviction motion to conclusion in the Wisconsin appellate courts. Yet the timeliness inquiry is distinct, both legally and factually, from exhaustion and procedural default. Thus, the Court exercises its discretion to address the limitations issue first and separately from the other potential procedural matters.