# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERVIN W. THOMAS,

                Petitioner,

v.

JUDY P. SMITH,

                Respondent.

Case No. 17-CV-1598-JPS

**ORDER**

On December 29, 2017, the Court screened the habeas petition of Petitioner Ervin W. Thomas ("Thomas"). (Docket #4). The Court determined that the petition appeared to be untimely and ordered further briefing on the issue. *Id.* at 7–9. The parties have fully briefed the matter, and for the reasons stated below, the Court finds that the petition is untimely and must be dismissed.[1]

**1.    BACKGROUND**

For the benefit of the reader, the Court reproduces much of its recitation of the facts from the screening order. Thomas' petition focuses on the Interstate Agreement on Detainers ("IAD"), codified in Wisconsin in Wis. Stat. § 976.05, which requires a defendant to be brought to trial within 180 days of a demand for the same. "The IAD is a congressionally approved interstate compact that establishes procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another." *States v. Thomas*,

---

[1]Thomas filed a motion for an extension of time to file his brief on the timeliness issue. (Docket #11). The motion is dated March 9, 2018, but was not filed with the Court until March 16, 2018, two days after Thomas submitted his brief. *See* (Docket #10). Because Thomas timely filed his brief, the motion for extension of time will be denied as moot.

834 N.W.2d 425, 429 (Wis. Ct. App. 2013) (quotation omitted). Central to this case is when Thomas' notice invoking his IAD speedy-trial right was considered to be received by the Milwaukee County District Attorney's Office. *See* Wis. Stat. § 976.05(3)(a).

On August 27, 2009, Thomas was charged in Milwaukee County Circuit Court with kidnapping, second-degree sexual assault, and sexual assault of a child under sixteen years of age. A warrant was issued the same day.

On March 10, 2010, the warden of the Illinois prison where Thomas was serving another sentence wrote a letter to the Milwaukee County District Attorney, informing him that Thomas had completed several forms requesting a speedy trial under the IAD. Certified mail return receipts show that on March 15, 2010, an employee for Information Management Services Distribution ("IMSD")—the mailroom service for the Milwaukee County office building containing the district attorney's office—received Thomas's speedy-trial request under the IAD. The request was then directed to the district attorney's office, where it was received on March 18, 2010.

During the course of the prosecution, the parties argued when the IAD clock would expire. The trial court, having received the March 18 filed-stamped IAD request from the district attorney and not the March 15 certified mail return receipt from IMSD, ruled that the clock did not begin to run until March 18. On September 13, 2010, the date on which trial was scheduled to begin, Thomas pled guilty to kidnapping, in violation of Wis. Stat. § 940.31(1)(a), and second degree sexual assault of a child, in violation of Wis. Stat. § 940.02(2). His plea would have fallen within the IAD period only if it began to run on March 18, not March 15. He filed a motion in the trial court seeking to vacate his pleas once he discovered the March 15

certified mail return receipt from IMSD, but the trial court denied it, ruling that IMSD could not be considered the district attorney's agent for receipt of IAD notices.

Thomas was sentenced on August 31, 2011, to an indeterminate period of eighteen years of imprisonment on the kidnapping count, and to an indeterminate period of eighteen years of imprisonment on the second-degree-sexual-assault-of-a-child count, to be served concurrent to the kidnapping count, but consecutive to any other sentence. The judgment of conviction was entered that same day.

Thomas appealed on September 14, 2012, arguing that his rights under the IAD had been violated because the IAD period began to run on March 15, 2010. Alternatively, Thomas asserted that he should not be responsible for the delay caused by the mail service and should be permitted to rely on the date IMSD received his notice. The Wisconsin Court of Appeals rejected these arguments and affirmed the conviction in a decision issued May 29, 2013. He filed a petition for discretionary review of these issues in the Wisconsin Supreme Court on June 28, 2013. That request was denied on November 26, 2013. Thomas sought reconsideration of the denial of discretionary review, but the court denied this request on April 11, 2014. Thomas did not file a petition for a writ of certiorari to the U.S. Supreme Court.

Next, on November 14, 2014, Thomas, now proceeding *pro se*, filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06. The motion raised several arguments, including: (1) that Thomas was denied the effective assistance of counsel at trial and on appeal; (2) that Thomas's IAD rights were violated; (3) that his trial attorney was constitutionally ineffective for failing to contact a state official regarding whether IMSD was

authorized to receive his IAD notice; and (4) that the State withheld material and exculpatory evidence from him—namely, the IMSD certified mail return receipt filed-stamped March 15, 2010. The trial court denied the motion on November 21, 2014. Thomas tried unsuccessfully to commence an appeal of this ruling by filing the motion directly in the Court of Appeals, and then again in the Wisconsin Supreme Court. Neither court accepted the motion as a proper way to lodge an appeal of the denial of post-conviction relief.

Thomas filed a second post-conviction motion on November 6, 2015, this time with the assistance of a jailhouse lawyer. The motion asserted a claim of newly discovered evidence—specifically, a September 10, 2014 letter from the Milwaukee County Office of Corporation Counsel relating to IMSD's authority to accept mail for the district attorney, and entries from signature logs in the district attorney's office. That motion was denied on November 17, 2015 in the trial court under *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994), which bars a prisoner from raising issues in a successive motion for post-conviction relief that could have been raised in a prior motion. His appeals therefrom were also unsuccessful. The Wisconsin Court of Appeals affirmed the trial court's ruling on March 15, 2017, and the Wisconsin Supreme Court denied discretionary review on June 12, 2017. He sought reconsideration of the Supreme Court's decision, but that too was denied in an order dated June 30, 2017.

Thomas filed the instant petition on November 16, 2017. His claims mirror those raised at various times in the state proceedings. First, Thomas says that his trial and appellate counsel were ineffective for failing to persuade the state courts of the merits of his IAD claim. Second, Thomas contends that the State withheld material and exculpatory evidence from

him in the form of the March 15 certified mail receipt from IMSD. Third, Thomas raises a separate ineffectiveness charge against his trial counsel, claiming that counsel should have contacted IMSD prior to his guilty plea and asked whether the IMSD employee who actually handled Thomas' IAD notice was authorized to sign the certified mail receipt for it. Fourth is Thomas' newly discovered evidence claim, wherein he says he was entitled to renew his IAD challenge once he received additional evidence suggesting that the IAD notice was received in the district attorney's office on March 15, 2010—*i.e.*, the mailroom log.

**2.    ANALYSIS**

The merits of Thomas' petition are not presently before the Court. The threshold question is whether Thomas' petition was timely filed and, if not, whether that late filing may be excused. For the reasons detailed below, the Court answers both questions in the negative.

**2.1    Thomas' Petition is Untimely**

A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Thomas' petition is undoubtedly untimely. His direct appeal ended on November 26, 2013, the day that the Wisconsin Supreme Court denied his request for discretionary review. His motion to reconsider that decision did not prolong his appeal for two reasons. First, the Wisconsin Supreme

Court is not authorized to reconsider a denial of review. *Hanson v. Haines*, No. 13–CV–0896, 2014 WL 4792648, at *2 (E.D. Wis. Sept. 25, 2014) (citing *Archdiocese of Milwaukee v. City of Milwaukee*, 284 N.W.2d 29, 30 (Wis. 1979)). Second, denial of discretionary review has no effect on the underlying judgment. *Id.*; *Dep't of Banking of Neb. v. Pink*, 317 U.S. 264, 266–67 (1942). Consequently, Thomas' 90-day period for petitioning the U.S. Supreme Court began to run on November 26, 2013, and expired on February 26, 2014. As another branch of this Court has observed, to hold otherwise "would allow prisoners to effectively extend the time they have to file a § 2254 petition in federal court by filing improper motions in state court." *Hanson*, 2014 WL 4792648, at *3. As noted above, Thomas did not seek a writ of certiorari, so the one-year habeas clock started to run on February 26, 2014.

His first post-conviction motion was filed 261 days later, on November 13, 2014. It was denied after a period of seven days, during which the statute of limitations was tolled. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thomas tried to appeal by filing his post-conviction motion directly with the state appellate courts. This is not the proper method for appeal under Wisconsin procedure, and so none of the time the Wisconsin appellate courts may have considered this "appeal" can be tolled. *Ray*, 700 F.3d at 1003 (whether a state post-conviction proceeding is "properly filed" under Section 2244(d)(2) is governed by state procedural law). Instead, the limitations clock restarted on November 21, 2014, the day the trial court denied the motion.

Another 350 days elapsed before he filed his second post-conviction motion on November 6, 2015. Because the one-year limitations period had already expired long before this motion was filed, none of the state proceedings concerning it could toll that period. *See Teas v. Endicott*, 494 F.3d 580, 582–83 (7th Cir. 2007); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). As the Eleventh Circuit has explained, once the limitations period expires, there is nothing left to toll. *Tinker*, 255 F.3d at 1333. Tolling is very different from reinstating the limitations period. *Id.*

Thus, because the second round of post-conviction proceedings did not toll the habeas limitations period, the 584 days during which it was pending, from November 6, 2015, to the denial of discretionary review in the Wisconsin Supreme Court on June 12, 2017, constitute countable days under Section 2244(d). Finally, 157 more days passed after the denial of discretionary review on the second post-conviction motion before Thomas filed his petition in this Court. In total, then, 1,352 countable days, or nearly four years, have passed since Thomas' conviction became final. Thus, there is no question that Thomas' petition is untimely.[2]

---

[2]In its screening order, the Court erroneously suggested that the second round of post-conviction proceedings tolled the habeas clock. (Docket #4 at 7). The Court rectifies that oversight in the present order. In any event, even if the pendency of the second round of post-conviction proceedings served to toll Section 2244(d), the federal petition was still late.

The appeal of the denial of the second post-conviction motion concluded on June 12, 2017, when the Wisconsin Supreme Court denied Thomas' request for discretionary review. As with his direct appeal, the time during which the state supreme court considered his motion for reconsideration of the denial of discretionary review could not toll the habeas limitations period because such a request is not cognizable under Wisconsin law and therefore was not part of the "properly filed" post-conviction motion. *Hanson*, 2014 WL 4792648, at *2; *Ray*, 700 F.3d at 1003. Thus, only the time from November 6, 2015, to June 12, 2017, could be excluded from the limitations calculation. 28 U.S.C. § 2244(d)(2). If the habeas

### 2.2 Thomas Does Not Fall Within Any Exception to the Statute of Limitations Bar

The parties' briefs focus on whether Thomas' untimely filing may be excused. There are two common-law exceptions to the statute of limitations bar: the "actual innocence" gateway and equitable tolling. The actual innocence gateway applies when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Thomas must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896.

Thomas does not argue that the actual innocence gateway applies in his case, and rightly so, since he pleaded guilty to his crimes. Notably, all of his arguments to the state courts and this Court have to do with potential IAD violations. Nowhere does he claim innocence of the charged crimes. The two questions are entirely distinct, notwithstanding that both have as a potential remedy his release from imprisonment.

The second potential exception to the limitations bar is "equitable tolling." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been

---

clock could be tolled during that time—and it clearly cannot be—it would cause the number of countable days to shrink to 768, still well past the length of time afforded under the statute for filing a federal habeas petition.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–684; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Thomas is not entitled to the extraordinary remedy of equitable tolling. First, he contends that the district attorney withheld the certified mailroom log, which he submitted for the first time in connection with his second post-conviction motion. That misconduct, in Thomas' view, should have tolled the habeas limitations period. His theory appears to rest on Section 2244(d)(1)(D), which provides that the federal habeas clock begins to run only once the petitioner discovers the factual predicates for his claims or should have discovered them through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D) affords Thomas no relief. The records Thomas submitted with his petition, as well as the decisions of the state courts on his second post-conviction motion, establish that Thomas undoubtedly knew of the existence of the mailroom log no later than September 10, 2014, the date he received the letter from district attorney's office with the log attached. *See* (Docket #1-1 at 57). Thus, Thomas discovered the factual predicate for his IAD claim based on the mailroom log no later than September 10, 2014.[3]

Assuming that the time the log was "withheld" should not be counted for purposes of Section 2244, that only explains Thomas' delay for the period from the conclusion of his direct appeal on February 26, 2014 to

---

[3]As noted above, Thomas did not raise the log in his first post-conviction motion filed a month after he received the state attorney's letter. For that very reason, the state courts denied him leave to raise the log in his second post-conviction motion, finding that he was able to but did not timely assert the log as a basis for post-conviction relief.

September 10, 2014, or 196 days. Thomas' argument about the district attorney's misconduct, if believed, says nothing of his diligence or the obstacles preventing the institution of his federal habeas action during the other 1,156 countable days.

Thomas' other excuses do not adequately justify this considerable period of delay. At times, Thomas suggests that his *pro se* status precipitated his late filing. *See* (Docket #10 at 9). Yet incarceration, lack of legal training, and lack of access to counsel are generally not sufficient reasons to support the application of equitable tolling. *Socha*, 763 F.3d at 685; *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Moreover, although he seems to think his petition is timely because only five months elapsed between the disposition of his second post-conviction motion and the filing of the instant petition, (Docket #10 at 9), he is mistaken, as he must account for *all* countable time under the statute. Generalized complaints about filing obstacles, or excuses that pertain only to small portions of the countable time, do not suffice.

Further, Thomas suggests that this Court should revisit the state appellate courts' determination that his post-conviction appeals were not perfected, as finding that the appeals were proper would toll more time under Section 2244. But this Court is without power to review the state courts' determination of how to lodge an appeal under state law. *See Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000); *Perry v. McCaughtry*, 308 F.3d 682, 688 (7th Cir. 2002). Those rulings must stand. And with respect to the second post-conviction motion, as explained above, there was no time left on the habeas clock to be tolled.

Finally, while Thomas mentions that the prison law library was closed for "weeks at a time," hindering his ability to prepare his petition, *id.* at 1, he does not provide the dates of such closings nor explain how they

ate up all of the limitations period. Likewise, though he complains of delays occasioned by extensions of time request by state lawyers and delays in rulings by state courts, *id.*, neither of these things stopped him from filing a protective habeas petition in this Court, *see Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005). In sum, Thomas' pleas for leniency fall well short of the extraordinarily high bar set for obtaining the benefit of equitable tolling.[4]

As a result, the Court concludes that Thomas has not shown entitlement to either exception to the statute of limitations bar, and his petition must be dismissed as untimely.

**3. CONCLUSION**

For the reasons stated above, the Court finds that Thomas' petition is untimely and that he has not satisfied any of the exceptions to the statute of limitations bar.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[4]Thomas filed a motion to supplement his brief on April 11, 2018. (Docket #13). It will be denied. It was filed well after the close of briefing, it merely restates arguments he made in his brief, and although it alludes to "court documents" he wishes the Court to review, none are attached to the filing and he does not describe the nature of the documents in any meaningful fashion. As explained herein, delays in state court proceedings would have little or no effect on the issue of Thomas' diligence. Allowing supplementation at this late stage will only cause needless delay in resolution of this matter, so the motion will be denied.

further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court's discussion above makes clear, in light of the undisputed facts and the paltry arguments Thomas offered to justify his late filing, no reasonable jurists could debate whether his petition is timely or whether its late filing should be excused. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Thomas may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED** as untimely;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time to file his brief (Docket #11) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to supplement his brief (Docket #13) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly

Dated at Milwaukee, Wisconsin, this 25th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge